IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENNIS R. HOOPER,

        Plaintiff,

        v.

NORTH BEND CITY/COOS-CURRY
HOUSING AUTHORITIES et al.,

        Defendants.

Civ. No. 6:16-cv-00005-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff, *pro se*, brings this action against the North Bend City/Coos-Curry Housing Authorities, Lisa Lucero, and Larry S. for alleged violation of his rights under various statutes including 42 U.S.C. § 1983, ECF No. 1, and a motion to proceed *in forma pauperis*, ECF No. 2, and a motion for appointment of counsel, ECF No. 3.

This Court may dismiss a claim *sua sponte* under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (citations omitted). Likewise, if a plaintiff proceeds *in forma pauperis*, this Court is required to dismiss "the case at any time if the court determines that" the action or appeal is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Upon review, plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend in order to cure deficiencies identified herein, plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

1 – OPINION AND ORDER

## STANDARD OF REVIEW

"In civil rights cases where the plaintiff appears pro se, [this Court] must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citations omitted). This Court must give a *pro se* litigant "leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* (citations and internal quotation marks omitted). "Moreover, before dismissing a pro se civil rights complaint for failure to state a claim, [this Court] must give the plaintiff a statement of the complaint's deficiencies." *Id.*

## DISCUSSION

Plaintiff seeks to recover damages in the amount of $4,000.00 resulting from an alleged unlawful entrance into his home without notice or his consent by one or more of the named defendants, which caused plaintiff stress and anxiety. *See* Compl. 3, ECF No. 1.

To survive this assessment under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under this standard, plaintiff's alleged facts must constitute "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This Court must assume that the allegations contained in the complaint are true. *Id.*

Plaintiff's allegations, at least as currently articulated, are insufficient to state a claim. To properly state a claim, plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff must, in an amended complaint, specify the claim or claims that he is asserting against each named defendant rather than a recitation of acts performed by defendants that he merely describes as

2 – OPINION AND ORDER

unlawful. Plaintiff cites 42 U.S.C. §§ 1487f, 1983, and 1985, but fails to provide a short and plain statement showing that the alleged acts violate those statutes.

## CONCLUSION

For these reasons, plaintiff's complaint, ECF No. 1, is DISMISSED with leave to file an amended complaint curing the identified deficiencies, and plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED. Plaintiff is allowed 30 days from the date of this order to file an amended complaint. The Clerk of the Court shall not issue process until further order of this Court.

IT IS SO ORDERED.

DATED this ___8___ th day of January, 2016.

_____
**Michael J. McShane**
**United States District Judge**

3 -- OPINION AND ORDER