IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENNIS RUSSELL HOOPER,

    Plaintiff,

v.

NORTH BEND CITY/COOS-CURRY
HOUSING AUTHORITIES et al.,

    Defendants.

Civ. No. 6:16-cv-00005-MC

ORDER

MCSHANE, Judge:

    Plaintiff's Objections to Order and Memorandum (ECF No. 53) is now before this Court.

## **BACKGROUND**

    This Court issued an Order (ECF No. 51) on November 23, 2016 finding Plaintiff's Second Amended Complaint and Memorandum in Support (ECF No. 50) to be the operative pleadings in this case. The Court also found that because the Second Amended Complaint (ECF No. 50) does not allege Actual Notice in compliance with the requirements of the Oregon Tort Claims Act, Plaintiff's state law claims were to be dismissed with prejudice.

    In response, Plaintiff filed Objections to Order and Memorandum (ECF No. 53), which this Court receives as Motion to reconsider. Plaintiff's Objections direct the Court's attention to documents he filed captioned "Declaration of Dennis Hooper" (ECF No. 44) and "Second Amended Complaint and Memorandum in Support" (ECF No. 45). In the document ECF No. 45, Plaintiff submits that he informed defendant's employee on March 24, 2014 via telephone that he

1 – ORDER

"was preparing for litigation." Plaintiff also asserts that he informed verbally the Executive Director for defendant of his intention to commence legal action and that his conversation took place on June 25, 2014. The Court notes that document ECF No. 45, irrespective of its caption, is not a complaint and lacks allegations in general.

Documents ECF No. 44 and ECF No. 45 were filed on November 7, 2016, and followed one week later by a request by Plaintiff for leave to file a Correct Second Amended Complaint (ECF No. 46) which this Court granted. This Court received Plaintiff's Second Amended Complaint (ECF No. 50) as the operative pleadings. The Second Amended Complaint (ECF No. 50) itself does not allege Actual Notice pursuant to the Oregon Tort Claims Act.

## DISCUSSION

With that background in mind, plaintiff's factual assertions that he provided actual notice to defendants are not newly raised. Plaintiff has previously asserted actual notice, including at oral arguments heard October 11, 2016 on Defendant's Motion for summary judgment. What plaintiff has failed to do is to take those assertions and place them within the pages of his complaint.

The Court's oral order on October 11, 2016 provided plaintiff with notice of the deficiency in his complaint and directed the plaintiff to amend his complaint consistent with the requirements of the Tort Claims Act. "Before dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir.1992) (citing *Noll v. Carlson,* 809 F.2d 1446, 1448–49 (9th Cir.1987), *superseded on other grounds by statute as stated in Lopez v. Smith,* 203 F.3d 1122 (9th Cir.2000)) (en banc). Plaintiff, instead, provided a supplemental memorandum (ECF No. 45).

2 – ORDER

A district court also should not dismiss a pro se complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood,* 846 F.2d 1202, 1203–04 (9th Cir.1988) (per curiam) (internal quotation marks omitted). Here, plaintiff has clearly failed to draft a complete complaint, but the record is also clear that the deficiencies of the complaint could be cured by amendment. The Court has an obligation where the plaintiff is pro se to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *See*, *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc).

## ORDER

Plaintiff's Objections (ECF No. 53) are fully considered, and GRANTED. The Court orders that the operative pleadings in this case are: Plaintiff's Second Amended Complaint and Memorandum in Support (ECF No. 50), Declaration of Dennis Hooper (ECF No. 44), and Plaintiff's Second Amended Complaint (ECF No. 45), together. Plaintiff's state law claims are reinstated.

IT IS SO ORDERED.

Dated this 3rd day of January, 2017.

    /s/Michael J. McShane
    **Michael J. McShane**
    **United States District Judge**